SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 06 2015
ARTHUR JOHNSTON
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**DOMINIC MALONE AND LAKENISA NOBLES, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF LOREL KA'HEIM MALONE, DECEASED** — **PLAINTIFFS**

**VS.** — **CAUSE NO.** 1:15CV371 LG-RHW

**MOSS POINT SCHOOL DISTRICT;**
**MOSS POINT SCHOOL BOARD;**
**PRINCIPAL JOANNE H. PETTAWAY IN HER OFFICIAL CAPACITY AS PRINCIPAL OF MOSS POINT SCHOOL DISTRICT; AND IN HER INDIVIDUAL CAPACITY;**
**SUPERINTENDENT MAGGIE GRIFFIN IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF MOSS POINT SCHOOL DISTRICT; AND IN HER INDIVIDUAL CAPACITYAND JOHN DOES 1-10** — **DEFENDANTS**

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiffs, Dominic Malone and Lakenisa Nobles, Individually, and on Behalf of the Wrongful Death Beneficiaries of Lorel Ka'heim Malone, deceased, against Defendants Principal Joanne H. Pettaway, Superintendent Maggie Griffin, the Moss Point School District ("the District"), and the Moss Point School Board, of Moss Point, Mississippi. Students, staff, and school administrators of the District targeted and subjected Lorel Ka'heim Malone to severe and pervasive bullying and harassment on account of his religious beliefs and expression in violation of 42 United States Code § 1983, and the Due Process Clause, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Lorel Ka'heim Malone, a twelve (12) year old at the time of his untimely death on March 7, 2014, Lorel Ka'heim Malone was at that time enrolled as a student at Magnolia Middle School in Moss Point, Mississippi.

This action seeks damages for depravation of rights pursuant to 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (jurisdiction over Section 1983 claims) because the matters in controversy arise under the Constitution and laws of the United States.

2. Jurisdiction is also proper under 28 U.S.C. §§ 2201-2202 because Plaintiff seeks a declaration of federal civil rights of the decedent, Lorel Ka'heim Malone and Plaintiffs seek judgment for the cost of suit, including reasonable attorney's fees, damages suffered and sustained by Plaintiffs, and caused by the violation of rights, privileges and immunities guaranteed by the Fourteenth Amendment to the Constitution of the United States of America, and Applicable Federal Statutes, more particularly, 42 U.S.C. § 1983.

3. The Court has personal jurisdiction over each of the Defendants who each resides in Mississippi.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because one or more Defendants reside in the District and because the events giving rise to Plaintiffs' claims occurred in the Southern District of Mississippi.

## PARTIES

5. Plaintiffs, Dominic Malone and Lakenisa Nobles are adult resident citizens of Pascagoula, Jackson County, Mississippi, residing at 2914 Meteor Street, Pascagoula, Mississippi 39158, Mississippi. Plaintiffs bring this action in their individual capacity, and on behalf of the Wrongful Death Beneficiaries of their minor deceased son, Lorel Ka'heim Malone.

6. Defendant, Moss Point School District is a public school district in Jackson County,

Mississippi. The District is a "person" within the meaning of 42 U.S.C. § 1983. Upon information and belief, the School District and each of its component schools are recipients of federal financial assistance.

7. Defendant, Moss Point School Board ("the School Board" or "Board") is a public education corporation governing the School District pursuant to the laws of the State of Mississippi. The School Board is a "person" with meaning of 42 U.S.C. § 1983. The Board holds policymaking authority for the School District with respect to equal opportunity, anti-harassment, and anti-bullying policies. The Board has the ability and authority to take corrective action on behalf of the school District to stop discrimination because of a student's religious beliefs, bullying and harassment within its component schools.

8. Defendant, Maggie Griffin ("Superintendent Griffin") is the current Superintendent of the District and is sued in her official, and individual capacity. Pursuant to Mississippi Code § 37-9-69, she has the responsibility of, among other things, enforcing school rules, regulations, and policies, As Superintendent and Chief Executive Officer of the District, she holds policymaking authority for the School District with respect to equal opportunity, anti-discrimination, anti-harassment, and anti-bullying policies. Superintendent Griffin, in said capacity had the ability and authority to take corrective action on behalf of the School District to stop discrimination, bullying and harassment within the District and to respond appropriately to instances of such discrimination, bullying and harassment. Superintendent Griffin is a natural person and, upon information and belief, resides in Mississippi.

9. Defendant, Joanne H. Pettaway was formerly employed by the District and was the Principal of Magnolia Middle School for the 2013-2014 year. Defendant Joanne H. Pettaway, is sued in her official and individual capacity. As the Principal of Magnolia Middle

School, she was responsible for the day-to-day administration of the school, including management of teachers, administrators, and staff. Principal Pettway was also responsible for ensuring students within the school received equal access to educational opportunities, without the experience and exposure to discrimination, bullying, and harassment because of their religious beliefs. Defendant Joanne Pettaway is natural person and, upon information and belief is an adult resident citizen of Mobile County, Alabama, and may be served with process at her 5305 Fletching Ct., Theodore, Alabama 36582-7361.

## FACTS

10.     Lorel Ka'heim Malone enrolled as a seventh grader in the Magnolia Middle School of Moss Point Mississippi for the 2014 Spring semester. At the time of his enrollment it was well known within the school, and Moss Point Community that Lorel Ka'heim Malone was a deeply religious young man.

11.     Lorel Ka'heim Malone lived, and acted out his religious beliefs in his daily life. Lorel Ka'heim Malone's interaction with his church community, and school was firmly based on his religious convictions. It was these attributes that ultimately made Lorel Ka'heim Malone a target of discrimination, bullying, and harassment at his new school.

12.     From the beginning of the Spring 2014 semester, Lorel Ka'heim Malone was bullied, teased, and harassed about his size, clothing, looks, and above all, his religious beliefs and practices.

13.     In January 2014, two or three weeks after Lorel Ka'heim Malone started school at Magnolia Middle School, he was set upon by some of his schoolmates and repeatedly harassed, teased, bullied, and assaulted as a direct response to his religious beliefs, and practice; handing out of religious crosses, pictures of angels, and his published slogan against bullying and

4

harassment, "be a hero, take a stand."  Several of such incidents took place in Lorel's 7th grade math class.

14.     The January, 2014 incidents, including incidents of harassment and bullying that took place in his 7th grade math class by a few of his classmates, were reported in January, 2014 to the Defendant, Joanne H. Pettaway, Principal of Magnolia Middle School during a visit and meeting by Lorel Ka'heim Malone's father, and grandmother, Lamarge Miller to request her help, and intervention of the School, and School District in protecting Lorel Ka'heim Malone from the pervasive teasing, harassment and bullying he faced daily and routinely at the Magnolia Middle School.

15.     Ms. Pettaway promised Mr. Malone and Lorel Ka'heim Malone's grandmother, Ms. Miller, that she "would get to the bottom of the matter".  However, the District's chosen remedy was to remove Lorel Ka'heim Malone from his math class, and place him in another one. This remedy was in essence, punishment of Lorel Ka'heim Malone for his reporting the incidents of bullying and harassment because of his religious beliefs.

16.     The change of class did nothing more than stigmatize Lorel Ka'heim Malone and further complicated things for him.  It gave every appearance that Lorel Ka'heim Malone was the problem, instead of the boys who singled him out for retribution, solely because of his actions born as a result of his religious beliefs.  Such lack of remedial action by the Defendants demonstrated a complete lack of understanding, proper training, and a deliberate indifference to peer-to-peer bullying and harassment.

17.     The teasing, bullying and harassment at the Magnolia Middle School of Lorel Ka'heim Malone continued unabated after Lorel Ka'heim Malone's transfer to another math class.  In February, 2014, Lorel Ka'heim Malone, while riding home on a School District's

school bus, Lorel Ka'heim Malone was teased, harassed, bullied, assaulted, and had his cell phone stolen during the melee.  Once again, Lorel Ka'heim Malone's father, Dominic Malone took his complaint regarding the treatment of his son, Lorel Ka'heim Malone at the hands of some of his classmates to Administrators at the Magnolia Middle School.  In the February, 2014 meeting between Dominic Malone and Ms. Pettaway, Principal of the Magnolia Middle School, Mr. Malone summarized the history of the bullying and harassment of his son by some of his classmates during his short tenure at Magnolia Middle School, and asked for the school's help in stopping it.  For the second time, the Principal, promised that she would; "get to the bottom, of things".

18.     Following the February, 2015 meeting, and each school day thereafter, Lorel Ka'heim Malone reported to his parents, and grandmother the bullying and harassment he suffered at the hands of some of his classmates.  As a result of the nonstop, unremitting bullying and harassment of Lorel Ka'heim Malone, he at various times, begged his parents to allow him to stay home from school.

19.     Finally, on March 2, 2015, following another contentious bullying episode at the Magnolia Middle School, Dominic Malone called the principal and reported the most recent incidents involving Lorel Ka'heim Malone.  Mr. Malone demanded that the school protect his son, requested a meeting, and was given an appointment with the Principal for March 7, 2015.  During the conversation, the Principal, again stated; "we will get to the bottom of this."

20.     The District's response to the numerous complaints about the bullying and harassment of Lorel Ka'heim Malone was that of indifference.  This was evident in the District's repeated empty promise to the parents of Lorel Ka'heim Malone through the principal of Magnolia Middle School that, she would "get to the bottom of things"; and in the punitive act of

removing Lorel Ka'heim Malone from his math class, while doing nothing to correct, change or mitigate the actions of his tormentors.

21.     By failing to take meaningful actions against peer-to-peer bullying and harassment, policy wise, and in practice, the District signaled to those who took issue with Lorel Ka'heim Malone's open display of religious commitment, that their bullying and harassment of Lorel Ka'heim Malone was in fact, not just tolerated by the District, but to some extent, sanctioned.

22.     The Moss Point School District Administrators ignored an obvious need to train and supervise employees on how to properly address peer-to-peer bullying and harassment. The lack of such training and supervision of District employees was the direct cause of the ongoing bullying and harassment of Lorel Ka'heim Malone, and was the proximate cause of his injuries and death.

23.     On the morning of March 6, 2014, Lorel Ka'heim Malone, while attending school, and between classes at the Magnolia Middle School, without provocation, was physically attacked and assaulted by one or more of the boys who had bullied and harassed him since January, 2014.  As a direct and proximate result of the physical assault, Lorel Ka'heim Malone suffered injuries sufficient to trigger the onset of a fatal health crisis involving his heart.  Lorel Ka'heim Malone collapsed to the floor of the school, where he remained in an unconscious state until paramedics arrived.  Lorel Ka'heim Malone was transported by ambulance to the Singing River Hospital in Pascagoula, MS, and then to the University of South Alabama Children's & Women's Hospital in Mobile Alabama, where he died on March 7, 2014.

## COUNT I
### (U.S. Constitution Amendment XIV
### Denial of Equal Protection on the Bases of Religious Beliefs
### Pursuant to U.S.C. § 1983 Against All Defendants)

24.     Plaintiffs incorporate by reference all preceding paragraphs.

25.     Defendants, acting under color of state law, have deprived Lorel Ka'heim Malone of the rights, privileges, or immunities secured by the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.   Defendants, without justification, have treated Lorel Ka'heim Malone differently than other similarly situated students and have created and fostered an environment which singled out Lorel Ka'heim Malone as being different because of his religious beliefs and practice.   For example, Lorel Ka'heim Malone was removed from his 7th grade math class, after complaining about being bullied and harassed, while his tormentors suffered no discomfort, admonition, nor were they required to undergo or participate in any corrective action plan. On information and belief, Defendants would have taken more effective measures to protect Lorel Ka'heim Malone but for his Christian religious beliefs and practice.

26.     Defendants had actual notice that bullying and harassment based on Lorel Ka'heim Malone's Christian beliefs and practice was so severe, pervasive, and objectively offensive that it created a hostile climate that not only deprived Lorel Ka'heim Malone of access to educational programs, activities, and opportunities, but exposed him to physical assault and harm.

27.     Defendants were deliberately indifferent to the bullying and harassment Lorel Ka'heim Malone faced on a daily bases in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.   Defendants also failed to develop and adequately train school staff on policies prohibiting harassment and discrimination on the bases of a student's religious belief and practice.   Defendants' deliberate indifference and failure to

8

train District staff caused Lorel Ka'heim Malone to be subjected to the herein described bullying, discrimination, and harassment, and as a result, his untimely death.

28.     On information an belief, the Defendant Magnolia Middle School, did not, prior to Lorel Ka'heim Malone's death on March 7, 2014, take any action do discipline the offending students, investigate the complaints made by Lorel Ka'heim Malone's family, nor did anything other than transfer Lorel Ka'heim Malone out of his math class. The failure by the Defendant Magnolia Middle School District take any meaningful action in response to Lorel Ka'heim Malone's family's complaint, is evidence of its complete indifference to the bullying and harassment of Lorel Ka'heim Malone as he went about the business of attending his classes at the magnolia Middle School. The failure to act by Defendants was the proximate cause of Lorel Ka'heim Malone's injuries and death.

29.     The bullying and harassment of Lorel Ka'heim Malone because of his religious beliefs and practice, and Defendants' action in response to the same as described and set forth herein, was so severe, pervasive, and objectively offensive as to effectively deprive Lorel Ka'heim Malone of equal access to the educational opportunity or benefits of education at the Magnolia Middle School, and thereby violated Lorel Ka'heim Malone's Constitutional Rights to due process.

30.     Defendants' punishment of, and failure to protect Lorel Ka'heim Malone was pursuant to their policy, practice, or custom of failing to protect students from peer-to-peer harassment based upon the student's religious belief and practice.

31.     Defendants' violation of the Equal Protection Clause was the actual direct and proximate cause of injuries, and resulting death of Lorel Ka'heim Malone as alleged herein.

32.     Plaintiffs request judgment in their favor against Defendants as set forth in the Prayer for Relief.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE
## WITH CIVIL RIGHTS (42 U.S.C. § 1983)

33.     Plaintiffs hereby incorporate by reference and re-allege the information set forth in paragraph 1-32, supra.

34.     At all times material hereto, all Defendants named herein, and their agents, representatives, and employees did conspire to deprive the Lorel Ka'heim Malone, of the rights, privileges, and immunities guaranteed by the Constitution of the United States. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Lorel Ka'heim Malone's rights to due process as outlined herein above.

35.     As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Lorel Ka'heim Malone of certain rights guaranteed by the Constitution of the United States, Lorel Ka'heim Malone experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress, and untimely, an untimely death.  Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Lorel Ka'heim Malone's constitutional rights as outlined herein, and for his wrongful death.

## COUNT III
## Survival Action:  Violation of decedent, Lorel Ka'heim Malone's
## Civil Rights (42 U.S.C. § 1983)

36.     Plaintiffs hereby incorporate by reference and re-allege the information set forth in paragraph 1-35, supra.

37.     Lorel Ka'heim Malone was forced to endure great conscious pain and suffering, mental anguish, humiliation, emotional distress, and embarrassment because of the Defendants conduct prior to his death.

38.     Lorel Ka'heim Malone was a minor, and did not file a legal action prior to his death.

39.     Plaintiffs, Dominic Malone and Lakenisa Nobles are the natural parents of Lorel Ka'heim Malone, and as such, claim damages in this action for the conscious paid and suffering, mental anguish, embarrassment, humiliation, and emotional distress suffered by Lorel Ka'heim, prior to his death as provided for in 42 U.S.C. 1983.

<div align="center">

**COUNT IV**
**(Violation of Decedent's Rights pursuant to the**
**Fourteenth Amendment of the United States Constitution)**

</div>

40.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-39, supra.

41.     Defendants violations of the Equal Protection Clause were actual, direct, and the proximate cause of the injuries suffered by Lorel Ka'heim Malone prior to his death, and his ultimate death on March 7, 2014.

<div align="center">

**DAMAGES**

</div>

42.     As a direct and/or proximate consequence of Defendants violation of Lorel Ka'heim Malone's federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, as set forth herein, Plaintiff's and the wrongful death beneficiaries, have suffered, and will continue to suffer mental and emotional pain and suffering, funeral expenses, loss of enjoyment of life, loss of relationship and sever and permanent emotional distress, for which, Plaintiffs and

the wrongful death beneficiaries are entitled to an award of compensatory and exemplary damages.

43.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of the decedent, Lorel Ka'heim Malone and Plaintiffs' rights under law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to 42 U.S.C. §§ 1983 and 1985.

44.     Plaintiffs respectfully demand a jury trial pursuant to Fed. R. Civ. P. § 8(b).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court, exemplary and compensatory, including, but not limited to:

- Past pain and suffering, and mental anguish
- Future lost wages
- Loss of enjoyment of life
- Loss of society
- Funeral and burial expenses
- Reasonable attorney fees

Plaintiffs further pray for an amount of punitive damages in amounts to be determined according to proof as to Defendants, Pettaway and Griffin.

Respectfully submitted, this the 6<u>th</u> day of November, 2015.

> **DOMINIC MALONE AND LAKENISA NOBLES, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF LOREL KA'HEIM MALONE, DECEASED, PLAINTIFFS**
>
> BY:  _____
>
> EDWARD BLACKMON, JR., MSB #3354
> *Attorney for Plaintiffs*

OF COUNSEL:

Janessa E. Blackmon, Esq., MSB #101544
Bradford J. Blackmon, Esq., MSB #104848
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311
Email:  edblackmon@blackmonlawfirm.com
Email:  jeblackmon@blackmonlawfirm.com
Email:  bjblackmon@blackmonlawfirm.com

Greg J. Bosseler, Esq., MSB #105011
Morgan & Morgan, PLLC
188 East Capitol Street
Suite 777
Jackson, Mississippi 39201
Telephone:  (601) 949-3388
Facsimile:  (601) 949-3399
Email: gbosseler@forthepeople.com

Z:\oldFiles\WRONGFUL DEATH\Lorel Ka'heim Malone\COMPLAINT.11.3.15.docx